IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JUDY NEWTON and <br> JIMMY NEWTON <br>     Plaintiffs <br> <br> V. <br> <br> <br> JIMMIE ERVIN MAXCY and <br> RAINEY BROTHERS, INC. <br>     Defendants | § § § § § § § § § § § | CIVIL NO._____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JUDY NEWTON and JIMMY NEWTON, (hereinafter called "Plaintiffs") complaining of and about JIMMIE ERVIN MAXCY (hereinafter called "MAXCY") and RAINEY BROTHERS, INC. (hereinafter called "RAINEY BROTHERS") and for cause of action shows unto this Honorable Court the following:

### PARTIES AND SERVICE

1. Plaintiffs are husband and wife and are citizens of the United States of America and the State of Texas and reside in Abilene, Taylor County, Texas.

2. Defendant, JIMMIE ERVIN MAXCY, may be served at 46 Hoadley Drive, Wilder, Idaho 83676.

3. Defendant, RAINEY BROTHERS, INC., is a foreign corporation whose principal place of business is Parma, Idaho and may be served by serving its registered agent, Susan Hansen at 409 Spring Lane, Sedro Woolley, Washington 98284.

### JURISDICTION AND VENUE

4. The jurisdiction of this Court attaches under the provisions of 28 USC § 1332, in that the amount in controversy exceeds, exclusive of interest and costs, the sum of

$75,000, and the parties are citizens of different states, and jurisdiction exists under 28 USC 1332 (a)(1).

5.  Venue is proper according to 28 USC § 1391 (b)(2) because the events giving rise to this claim occurred in Taylor and Callahan County, Texas.

## CONDITIONS PRECEDENT

6.  All conditions precedent have occurred or been performed.

## FACTS

7.  On or about June 14, 2014, at approximately 10:17 a.m., Judy Newton was operating a 1997 Chevrolet Silverado and was traveling northwest on State Highway 36. Mrs. Newton was exercising due care for the safety of others and was operating her vehicle in a careful, lawful and prudent manner. Mrs. Newton slowed to make a lawful southwest turn on to FM 1750.

On the same date and at the same location, MAXCY was in the course and scope of his employment for RAINEY BROTHERS, and was operating a 2006 Kenworth tractor trailer when he failed to notice Mrs. Newton's slowed vehicle and violently collided with it sending Mrs. Newton hurtling into a light pole on the southeast corner of the intersection and crushing her vehicle. MAXCY took no evasive action to avoid the collision and did not make any hard brake application or significantly slow his vehicle prior to violently striking the back of Mrs. Newton's vehicle.

## CAUSE OF ACTION – NEGLIGENCE

8.  Plaintiffs would respectfully show that in engaging in the conduct described herein, MAXCY, as an officer, employee, agent, representative and/or servant of RAINEY BROTHERS, failed to exercise ordinary care in the following particulars each of which was a direct and proximate cause of the Plaintiff's damages:

    1) Failing to control his speed, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

2) Failing to pay attention, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

3) Failing to keep an assured clear distance, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

4) Failing to take evasive action, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

5) In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

6) In failing to keep his vehicle in proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

7) Imperiling other persons by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances.

### RESPONDEAT SUPERIOR

9. MAXCY was an employee and/or agent of RAINEY BROTHERS and was acting within the course of his employment and/or agency at the time of the incident in question. Plaintiffs plead that RAINEY BROTHERS permitted and authorized MAXCY to carry out its business affairs and that MAXCY was carrying out those affairs at the time of the incident in question. Accordingly, RAINEY BROTHERS is liable for the negligent acts of and/or omissions of MAXCY under the doctrine of respondeat superior pleading. Further, RAINEY BROTHERS had an affirmative duty to supervise and control MAXCY while he was acting within the course and scope of his employment and/or agency, and RAINEY BROTHERS breached said duty which was a proximate cause of Plaintiffs' injuries and damages.

### DAMAGES – JUDY NEWTON

10. As a direct and proximate result of the collision in question, Plaintiff, JUDY NEWTON, sustained various personal injuries and such injuries have produced the

following elements of damages:

    a) Physical pain and suffering in the past;

    b) Physical pain and suffering that will, in all reasonable probability, continue in the future indefinitely;

    c) Mental anguish in the past;

    d) Mental anguish that will, in all reasonable probability, continue in the future indefinitely;

    e) Disfigurement in the past and future;

    f) Physical impairment in the past and future;

    g) Medical expenses which have been incurred in the past; and

    h) Medical expenses that will, in all reasonable probability, continue in the future indefinitely.

## DAMAGES – JIMMY NEWTON

11. Plaintiff's husband, JIMMY NEWTON, has sustained a loss of JUDY NEWTON's household services in the past and, in all reasonable probability will suffer a loss of his household services in the future; he has sustained a loss of consortium, including but not limited to household services, domestic duties, affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, and love, which will extend into the future indefinitely.

For all of the damages referenced above, Plaintiffs herein sue Defendants for an amount the jury deems reasonable and exceeds the minimal jurisdictional limits of this Court. Plaintiffs reserve the right to amend their pleading at a later date and make their damage claims more specific.

## JURY DEMAND

12. Plaintiffs assert their rights under the 7th Amendment of the United States Constitution and demand, in accordance with the Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

a) For general damages to compensate Plaintiffs for their damages;

b) For the reasonable value of past and future medical expenses incurred for the accident-related care of Plaintiff, JUDY NEWTON;

c) For other general and special damages available under law;

d) For punitive damages against Defendants to punish and deter Defendants, and others similarly situated, from engaging in like conduct in the future;

e) For Plaintiffs' cost of suit;

f) For Plaintiffs' reasonable attorneys' fees as allowed by law; and

g) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

HANNA LAW FIRM, P.C.
302 Chestnut Street
Abilene, Texas 79602
(325) 673-6952
(325) 673-4496 - Fax
Jhanna7534@aol.com
lauren@hannalawfirm.com

By: _____
JON HANNA
State Bar No. 08919200

ATTORNEY FOR PLAINTIFFS